*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ABDUL-JABARRI, Minors.

UNPUBLISHED
November 10, 2022

No. 360815
Wayne Circuit Court
Family Division
LC No. 2022-000030-NA

Before: GARRETT, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order following the preliminary hearing in which the court authorized the petition with respect to the minor children, HVA and MWA. We affirm.

## I. BACKGROUND

The petition in this case was filed on January 7, 2022. In it, petitioner asked the trial court to take jurisdiction over the children and to terminate respondent-mother's parental rights because she had brutally abused the children. As its factual basis, the petition alleged that on January 1, 2022, respondent-mother repeatedly stabbed HVA and MWA in their necks. Police found respondent-mother with the children in the bathtub after officers forced entry into the home in response to a 911 call.[1] The children were quickly transported to local hospitals. Both had suffered lacerations to their necks. The lacerations to MWA's neck were deep enough to injure his left carotid artery, and at the time the petition was filed, he was nonresponsive and "in a critical state." HVA's lacerations required surgery, but were not life-threatening. Respondent-mother was arrested and charged with two counts of assault with intent to murder, two counts of first-degree child abuse, and one count of resisting arrest.

On January 18, 2022, the trial court held a preliminary hearing on the petition. At the start of the hearing, the court noted respondent-mother's absence, and stated that it would need to

---

[1] The call was placed by the children's father, who was being treated at an inpatient psychiatric hospital at the time. Father was a respondent in the lower court but is not a party to this appeal.

adjourn and hold another hearing with her present. The court did not immediately adjourn the hearing, however, because petitioner was "seeking an interim placement order pending resumption of the Preliminary Hearing." Megan Brown testified on behalf of petitioner that HVA had been discharged from the hospital and was placed with her maternal aunt, while MWA was still in the hospital. According to Brown, MWA was still on life support and had only minimal brain function. At the end of the hearing, the court ordered that the children be removed and placed with the Department of Health and Human Services (DHHS). The court emphasized that the hearing was not "complete" because respondent-mother was not present, and adjourned the hearing until February 8, 2022.

In the order entered following the hearing, the court checked the box indicating that there was good cause to adjourn the hearing to allow respondent-mother to attend, but found that the conditions necessary to take the children into protective custody were present. The court accordingly ordered that the children be removed and placed with the DHHS, and that respondent-mother's parenting time be suspended. The order provided that placement with the DHHS was temporary pending the resolution of the preliminary hearing and the appearance of respondent-mother.

The preliminary hearing resumed on February 8, 2022. Respondent-mother was present for this hearing and represented by counsel. After petitioner presented its evidence, respondent-mother's counsel requested that "this matter be set for Pretrial," waived probable cause, and did "not object to this Petition being authorized." The trial court then authorized the petition and ordered that the children's placement with the DHHS continue.

In the order entered following the hearing, the trial court found probable cause to believe one or more of the allegations in the petition were true and, accordingly, authorized the petition. The order also provided that the children's placement with the DHHS would continue, and that respondent-mother's parenting time was to remain suspended.

Respondent-mother now appeals.

II. ANALYSIS

On appeal, respondent-mother argues that the trial court erred because it failed to notify respondent-mother of, or allow her to participate in, the January 18 preliminary hearing in supposed violation of MCR 2.004(F), and because respondent-mother was not assigned counsel at that hearing in supposed violation of MCR 3.915. Neither argument warrants appellate relief.

Upon receiving a petition that would bring a minor child under the jurisdiction of the court, "the trial court must hold a preliminary hearing and may authorize the filing of the petition upon a finding of probable cause that one or more of the allegations are true and could support the trial court's exercise of jurisdiction under MCL 712A.2(b)." *In re Ferranti*, 504 Mich 1, 15; 934 NW2d 610 (2019). The procedure for preliminary hearings is governed by MCR 3.965. As relevant here, MCR 3.965(B)(1) provides that the hearing may be adjourned to secure the presence of one of the parents.

This occurred at the January 18 hearing—the hearing was adjourned to secure respondent-mother's presence. The hearing resumed on February 8, 2022. Respondent-mother participated

-2-

at that hearing and was represented by an attorney. At the conclusion of the hearing, respondent-mother waived probable cause and did not object to the petition being authorized. The trial court then found probable cause to believe that one or more of the allegations in the petition was true and authorized the petition. Thus, the court did not make any relevant findings until the February 8 hearing at which respondent-mother was present and represented by counsel. Accordingly, any error that the trial court made at the January 18 hearing by proceeding without respondent-mother, or by not appointing respondent-mother counsel at that time, was harmless. See MCR 2.613(A).

Relatedly, to the extent respondent-mother argues that it was error for the trial court to remove the children and suspend her parenting time following the January 18 hearing, we note that she does not contest the court's decision to do so following the February 8 hearing. It follows that even if the trial court erred by removing the children and suspending respondent-mother's parenting time following the January 18 hearing, this Court would be unable to grant respondent-mother any appellate relief.[2]

Affirmed.

/s/ Kristina Robinson Garrett
/s/ Colleen A. O'Brien
/s/ James Robert Redford

---

[2] Regardless, we note that every action taken by the trial court at the January 18 preliminary hearing was proper. The court was permitted to remove the children and place them with the DHHS, and to suspend respondent-mother's parenting time, at the January 18 hearing even though respondent-mother was not present at the time. See MCL 712A.14b(1) (authorizing the ex parte removal of children pending a preliminary hearing if certain conditions are met); MCR 3.965(B)(11) ("If the preliminary hearing is adjourned, the court may make temporary orders for the placement of the child when necessary to assure the immediate safety of the child, pending the completion of the preliminary hearing and subject to subrule (C), and as applicable, MCR 3.967."); MCL 712A.19b(4) (authorizing a court to suspend parenting time if a petition to terminate parental rights is filed); MCR 3.965(C)(7) (permitting the court to suspend parenting time as allowed under MCL 712A.19b(4)).

We also observe that the trial court noted in its order following the January 18 hearing that respondent-mother was notified about the hearing as required by law, and respondent-mother has offered nothing to support her contention that this is not true. Moreover, respondent-mother's contention that she was not notified about the January 18 hearing is belied by the fact that her criminal defense attorney was apparently present at the hearing.